## Case No. 2,149.

### Ex parte BURFORD.

[1 Cranch, C. C. 456.][1]

Circuit Court, District of Columbia. Nov. Term, 1807.

HABEAS CORPUS—RETURN—ATTACHMENT FOR CONTEMPT.

1. Upon an attachment from the orphans' court for contempt in not appearing to answer, &c., the marshal cannot justify the imprisonment of the party after the return day of the attachment, unless by an order of commitment by that court.

2. A person surrendered by his bail, and prayed in custody, but not charged in execution, may be discharged upon habeas corpus.

At law. Habeas corpus ad subjiciendum. The marshal returned that he held him under an attachment of contempt from the orphans' court, dated January 9, 1797, returnable on the 13th of the same month, for not appearing on the 8th, to show cause why he should not give counter security to his sureties in the administration of Dyson's estate. Upon which attachment the marshal had returned "executed and in custody," but no order of the orphans' court was made for the commitment, nor did it appear that the orphans' court had made any further order respecting the business. The return further stated that he had been delivered up by his bail in a suit at law, and prayed in custody; but the twenty days having expired and the defendant not charged in execution, THE COURT (nem. con.) were of opinion, that the attachment only authorized the marshal to hold him till he could bring him before the court on the 13th of January, and discharged the prisoner. See Virginia Law, 12th December, 1792, § 31.